———————o———————

No. 4349.

(Court of Appeal, Parish of Orleans.)

McDANIEL & PORTER, vs. FEITEL WELL COMPANY.

1. As parties hold themselves out to a community, or permit this to be done, so will they be bound on their contracts.
2. Hence, if one lends his name as a partner or suffers his name to be used in the business, he is responsible to third persons as a partner, for he may induce third persons to give credit to the concern, which otherwise it would not give.

Appeal from Civil District Court, Division "C."

C. A. Schreiber, G. Fernandez, Sr., and Clegg & Quintero, Plaintiff and Appellee.

Solomon Wolff, Defendant and Appellant.

MOORE, J. McDaniel & Porter had a contract with the town of Evergreen in the State of Mississippi to build within and for

that town a water and light plant and among other things to bore a tubular well upon certain terms and conditions fully set forth in the plans and specifications annexed to the contract. This latter work McDaniel & Porter sub-let to the Feitel Well Co., under written contract of date March 30th, 1900, and under certain terms and conditions, among the number that "McDaniel & Porter were to bear one-third of the expenses and losses and to share one-third of the profit arising from the work contemplated and the Feitel Well Company two-thirds of the profits and loss."

A loss was sustained, which was met by McDaniel & Porter for the full amount.

To recover the two-thirds of the loss thus sustained, as well as for the value of certain property belonging to McDaniel & Porter, and which was taken away by the other party to the agreement, the instant suit was brought.

The suit was originally directed against "The Feitel Well Company," which the petition described as "a corporation created under the laws of the State of Louisiana," and service of petition was made on M. Feitel as its President.

Thereupon, M. Feitel appeared by counsel and filed an exception to the effect "that there does not now and there never has existed such a corporation," and therefore prayed "that plaintiff's suit be dismissed with costs etc."

Thereafter, plaintiff filed, with leave of Court, an amended and supplemental petition wherein they allege that "The Feitel Well Co. was the trade name of a commercial co-partnership composed of Maurice Feitel, and Isaac Feitel. They with this exception, reaffirm the allegations of their original petition; pray for citation on the members of this firm and for judgment in *solido* against them for the amount sued for.

Service of the supplemental petition was accepted by Maurice Feitel whose answer thereto was simply a general denial.

Isaac Feitel made no appearance.

There was judgment against Maurice Feitel as prayed for and he prosecutes this appeal therefrom.

The only contention of the appellant is "that there never was such a firm as the Feitel Well Company, comprised of Maurice and Ike Feitel, and if by construction of law such firm ever existed, it was not in existence at the time the plaintiffs here made their alleged contract with the Feitel Well Co."

The evidence shows to our satisfaction, as it did to the satisfaction of our esteemed brother of the Lower Court, that, whether as between the brothers Maurice and Isaac Feitel, a partnership in contemplation of law really existed or not, yet, as to third persons dealing with the Feitel Well Company, they are bound as partners.

It is shown that the printed bill heads used by "The Feitel Well Co.," has printed at the top thereof, "M. Feitel, President" and "Ike Feitel, General Manager." A bill for merchandise sold by that firm on the 31st of January, 1899, and so printed, was introduced in evidence. So also were two checks drawn on the Bank of Summit, one dated Dec. 17th, 1898, and another dated January 30th, 1899, and both payable to "The Feitel Well Co. These checks were endorsed by "The Feitel Well Co. per, M. Feitel, President," and were admitted to have been thus signed by Maurice Feitel.

It is further shown that on the 5th day of May, 1899, a contract was entered into between J. J. White of Lumberton, Miss., and "The Feitel Well Co." the latter signing the contract" by M. Feitel," and that during the October term of the Circuit Court of Pearl River County in the State of Mississippi a suit was brought on that contract, the plaintiff therein being alleged in his petition as "Morris Feitel a citizen of New Orleans, La., and is engaged in business under the name of the Feitel Well Company in the said City of New Orleans."

Considering that as between themselves Maurice and Isaac Feitel were not partners these facts conclusively show that they held out to the public that they were interested in the firm as principals and partners and for the purposes of this suit they must be so held whether, as between themselves, they were partners or not. Canal Co. vs. Kopke, Robichaux & Nichols 106 La. 617.

As parties hold themselves out to a community or permit this to be done, so will they be bound on their contract, hence, if one lends his name as a partner or suffers his name to be used in the business he is responsible to third persons as a partner, for he may induce third persons to give credit to the concern, which otherwise it would not give.

Johnson vs. Marks, Levy & Bro. 109 La. 1036.

The judgment appealed from is affirmed.

February 24, 1908.

Rehearing granted March 23, 1908.

Where parties are held to be trading under a firm name, and, therefore, individually responsible for the firm's debts, but it cannot be determined from the evidence what was the character of the firm's business so as thus to fix the personal liability of the respective parties either as commercial or as ordinary partners; and where the ends of justice will best be subserved by remanding the cause in order to enable the parties to make this certain, the cause will be remanded.

MOORE, J.  A rehearing was granted herein on the application of defendant, appellant here, limited and restricted, however, to the question as to whether the parties defendant whom we held to be co-partners conducting business under the firm name of "The Feitel Well Co." were commercial, or only ordinary partners.

Our former decree affirmed the judgment appealed from by one of the defendants, which judgment was in solido against both partners and was so rendered and affirmed on the theory that the partnership was a commercial one.

We adhere to the views expressed in our former opinion to the effect that a partnership existed between Isaac Feitel and Maurice Feitel; that they were conducting business under the firm name of "The Feitel Well Co.," and that as such partners they are liable for the debts of the firm, and, consequently for the debt sued for, their liability therefor being fully established, but we were in error in holding that the partnership proven was shown to be a commercial partnership.

The evidence as to the character of the business conducted by the firm is exceedingly meagre.  Whether its business was confined to that indicated by the contract sued and announced by the bill-heads and letter-heads of the concern, which evidence an ordinary partnership, or whether, in addition to that business, the firm was engaged in commercial pursuits, as might be inferred by a receipted bill for merchandise sold by this firm, is left in doubt and uncertainty.

Under the circumstances we think the ends of justice would be best subserved by remanding the cause in order that the parties may make this clear.

It is therefore, ordered, adjudged and decreed, that our former opinion and decree be set aside and recalled; that the judgment

appealed from be avoided, annulled and reversed, and that the cause be remanded for trial *de novo* and according to the views expressed herein, with directions that the evidence already taken and of record may remain as evidence on the new trial with the right of either party to supplement same with additional evidence as to the character of the partnership. The costs of appeal to be taxed against the appellee; these of the lower Court to await final decision.

May 4, 1908.